# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

DANNY A. ST. JOHN          )
                                  )
        Petitioner,            )
                                  )
v.                               )        3:02-cv-119
                                  )        3:00-cr-188
                                  )        *Jarvis*
                                  )
UNITED STATES OF AMERICA     )
                                  )
        Respondent.        )

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Danny A. St. John ("St. John").  For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

## I.  Standard of Review

This court must vacate and set aside St. John's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255, St. John "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *United*

*States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that St. John is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).


II.     Factual Background

St. John pleaded guilty to bank robbery by force, violence and intimidation, in violation of 18 U.S.C. §§ 2113(a) and (d), and to using, carrying, possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). In support of his plea agreement, St. John stipulated in writing to the following factual basis:

> At approximately 2:00 p.m., on November 27, 2000, the defendant and his co-defendant, Carl Eugene St. John, Jr. arrived at the Union Planter's Bank located at 110 Deerlodge Highway, Sunbright, Tennessee. The co-defendant walked into the Union Planter's Bank carrying a Remington 12-gauge, 870 pump shotgun. Upon entry the co-defendant yelled, "everyone freeze" and "give me the money." The co-defendant then swung the shotgun around, pointing it at one of the tellers and threw a blue plastic bag to one of the tellers. The teller complied with the co-defendant's demand and put a quantity of U.S. currency, the property of Union Planter's Bank, into the bag, along with a dye pack. The co-defendant then fled the bank and got into a waiting car driven by the defendant, Danny Allan St. John. Shortly thereafter, the dye pack

exploded, and the co-defendant threw out the bag and all of the bank's money, which was later found on Highway 27, Sunbright, Tennessee.

On November 30, 2000, the Scott County Sheriff's Department received information from a citizen who had heard about the robbery. This person reported that the vehicle used appeared to be one he owned, which he had loaned to the defendant, Danny Allan St. John, the morning of November 27, 2000, and had since reported stolen. This person also reported that his Remington 12-gauge, 870 pump shotgun was missing and that the defendant knew where that weapon was kept.

On November 30, 2000, the defendant and his co-defendant were found hiding in a trailer in Helenwood, Scott County, Tennessee. After being advised of their *Miranda* rights and waiving same, the co-defendant confessed that he had robbed, at gunpoint, the Union Planter's Bank located at 110 Deerlodge Highway, Sunbright, Tennessee; and the defendant confessed to planning the armed robbery with the defendant and driving the getaway vehicle.

The Union Planter's Bank located at 110 Deerlodge Highway, Sunbright, Tennessee, was insured by the Federal Deposit Insurance Corporation at the time of the robbery.

[Criminal Action No. 3:00-cr-188, Court File No. 21, Stipulation of Facts, pp. 1-2, ¶¶ 1-4].

St. John was sentenced to a term of imprisonment of 33 months on the bank robbery conviction and a consecutive term of imprisonment of 84 months on the § 924(c) conviction, for a total effective sentence of 117 months. In support of his § 2255 motion, St. John seeks to vacate his § 924(c) conviction, because he claims that conviction, in addition to the conviction for armed bank robbery, constituted double counting.

III.    Discussion

At the outset, the court notes that St. John waived his right to file a motion pursuant to 28 U.S.C. § 2255, with the exception of claims of ineffective assistance of counsel, prosecutorial misconduct, or a retroactive change in the law.  In his plea agreement, St. John specifically agreed as follows:

> The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 except for a claim of ineffective assistance of counsel or prosecutorial misconduct. Thus, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case except for a claim of ineffective assistance of counsel or prosecutorial misconduct.  Nothing contained herein shall prevent the defendant from filing a claim under 28 U.S.C. § 2255 in the event that a change in the law as it exists at the time of entering into this plea agreement renders the defendant actually innocent of a charge covered hereunder, or in the event that a subsequent change in case law renders the defendant's action not a violation of law.

[*Id.*, Court File No. 20, p. 5, ¶ 13].  Such a waiver is enforceable.  *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.").

In any event, St. John's claim lacks merit.  St. John claims that it constituted double counting to convict him of armed bank robbery and use of a firearm during a crime of violence.  He refers to the Supreme Court decision of *Blockburger v. United States*, 284 U.S. 299 (1932), which held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two

offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Id*. at 304. According to St. John, once the government proved that a bank robbery was committed and that a firearm was used to commit the crime, the elements of both offenses, 18 U.S.C. §§ 924(c) and 2113(d), were satisfied.

As noted by the Court in *Albernaz v. United States*, 450 U.S. 333 (1981), however, "[t]he *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Id*. at 340. It is clear that, in 18 U.S.C. § 924(c)(1)(A)(ii), Congress intended to impose an additional sentence of seven years for a violent offense in which a firearm was brandished, even though the underlying offense already provided an enhanced penalty for the use of a dangerous weapon. *See, e.g., United States v. Jolivette*, 257 F.3d 581, 587 (6th Cir. 2001) ("[W]e ... hold that the imposition of both the guideline sentence for violation of 18 U.S.C. 2113(a) and (d) and the mandatory consecutive sentence of 18 U.S.C. § 924(c) does not violate the Double Jeopardy Clause.").

IV.   Conclusion

St. John is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** St. John leave to

proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. St. John having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                 s/ James H. Jarvis    
                United States District Judge